AO FORM B9I–COB FORM b9i_13 #822 (Chapter 13 Case) (12/12)      Case Number **13–25868–EEB**

# UNITED STATES BANKRUPTCY COURT
District of Colorado

# Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, and Notice of Hearing on Confirmation of Chapter 13 Plan

The debtor(s) listed below filed a chapter 13 bankruptcy case on 9/18/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors – Do not file this notice in connection with any proof of claim you submit to the court. See Reverse Side for Important Explanations**

| | |
|---|---|
| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
| Andre Damone Bratton<br>2531 Plumtree Grove<br>Colorado Springs, CO 80907 | Marites Santiago Bratton<br>2531 Plumtree Grove<br>Colorado Springs, CO 80907 |
| Case Number:<br>13–25868–EEB | Last four digits of Social Security No./Complete EIN or other Taxpayer ID No.:<br>xxx–xx–4015<br>xxx–xx–3747 |
| Attorney for Debtor(s) (name and address):<br>Sean M. Cloyes<br>415 W. Bijou St.<br>Colorado Springs, CO 80905<br>Telephone number: (719) 520–0003 | Bankruptcy Trustee (name and address):<br>Douglas B. Kiel<br>Chapter 13 Trustee<br>4725 S. Monaco St.<br>Ste. 120<br>Denver, CO 80237<br>Telephone number: 720–398–4444 |

## Meeting of Creditors

Date: **November 7, 2013**      Time: **02:00 PM**
Location: **314 W. Bijou Street, Colorado Springs, CO 80905**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **2/5/14**      For a governmental unit (except as otherwise provided in Fed.R. Bankr. P. 3002(c)(1)): 180 Days from the *Filing Date*

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 1/6/14**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan, Other Confirmation/Objection Deadlines

The debtor has filed a plan. The plan is enclosed. The debtor is responsible for providing appropriate service under Fed.R.Bankr.P. 7004 and 9014, if applicable. The hearing on confirmation will be held:
Date: **11/27/13**, Time: **01:30 PM**, Location: **Byron Rogers U.S. Courthouse, 1929 Stout St. – Courtroom C501, Denver, CO 80294**, unless a written objection is filed, the plan may be confirmed as unopposed upon the filing of a Verification of Confirmable Plan pursuant to Local Bankruptcy Rule (L.B.R.) 3015–1.

The last day to file an *objection* to the plan is *three court days* before the date of the first scheduled meeting of creditors, pursuant to Fed.R.Bankr.P. 2002(b) and 9006(c) and L.B.R.3015–1. Objections to the plan must comply with L.B.R. 3015–1 and shall clearly specify the grounds upon which they are based, including the citation of supporting legal authority, if any. General objections will not be considered by the Court. If objections are filed, objecting parties and the debtor *may* receive supplemental hearing notice from the Judge assigned to this case regarding whether the hearing on confirmation will be telephonic or conducted in person, if an objecting party and the debtor *do not* receive additional information, they should appear in person on the hearing date.

Parties objecting to confirmation and the debtor are obligated to meet and confer no later than seven days prior to the hearing on confirmation, pursuant to L.B.R. 3015–1.

| | |
|---|---|
| **Creditors May Not Take Certain Actions:** | |
| In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case. | |
| **Deadline to Provide Documents and Notice of Possible Dismissal:** | |
| Pursuant to 11 U.S.C. §521(e)(2), Fed.R.Bankr.P. 4002 and L.B.R. 1017–2, no later than *seven* days prior to the original date set for the first meeting of creditors, the debtor shall provide to the case trustee required federal income tax information. The failure to provide this information to the trustee or a requesting creditor may result in dismissal of the case. | |
| Pursuant to the provisions of 11 U.S.C. §1308, the debtor shall file with appropriate tax authorities tax returns that were not previously submitted and were required to be submitted under applicable law. | |
| Pursuant to Fed.R.Bankr.P 4002, each individual debtor shall bring the meeting of creditors the documents listed in the rule. | |
| **Pursuant to Local Bankruptcy Rule 1017–3(a), you are hereby notified that if this case was filed as deficient, it is subject to the United States Trustee's Standing Motion to Dismiss and/or the dismissal provisions of 11 U.S.C. § 521(i).** | |
| **Address of the Bankruptcy Clerk's Office:**<br>US Bankruptcy Court<br>US Custom House<br>721 19th St.<br>Denver, CO 80202–2508<br>Telephone number:  720–904–7300 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>s/ Kelly J. Sweeney (Acting Clerk) |
| Hours Open:  Monday – Friday 8:00 AM – 5:00 PM | Date:  9/19/13 |

## EXPLANATIONS                                                      FORM B9I (10/11)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. Please see the front for information on the plan and confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | |

| | |
|---|---|
| | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| ***Trustee's and Creditor's Report*** | The Chapter 13 Trustee or a Creditor may file a report no later than seven days after the initial meeting of creditors reporting the debtor's failure to comply with the requirements to provide tax returns. The Trustee may also use the report to supplement any initial objection to confirmation previously by the Trustee. The report shall allow the debtor fourteen days to file an objection and verification that the failure to comply was due to circumstances beyond the control of the debtor. ***Absent separate notice, any objection shall be heard at the time of the Confirmation Hearing.*** |
| −− Refer to Other Side for Important Deadlines and Notices −− | |